UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DARNELL HARRIS,

        Petitioner,                      Case Number: 05-CV-74316

v.                                                HONORABLE AVERN COHN

HUGH WOLFENBARGER,

        Respondent.
_____/

## ORDER DENYING CERTIFICATE OF APPEALABILITY

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Michael Darnell Harris (Petitioner) is a state inmate at the Carson City Correctional Facility in Carson City, Michigan, serving life sentences for two first-degree murder convictions. Petitioner filed a *pro se* petition for a writ of habeas corpus claiming that his convictions were unconstitutionally obtained on various grounds. Respondent, through the Attorney General's office, filed a response, arguing that Petitioner's claims lack merit and/or are procedurally defaulted. The Court dismissed the petition for lack of merit. See Opinion and Order Denying Petition for Writ of Habeas Corpus, filed August 27, 2007.

Petitioner has filed a notice of appeal and requests a certificate of appealability.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a

constitutional right." 28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  120 S. Ct. at 1604.  The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'"  A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."  Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA.  See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where, as here, a petitioner files a notice of appeal, the Court must issue a order granting or denying a COA.  Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

]        Petitioner raised eleven claims, concerning issues relating to double jeopardy and collateral estoppel, pre-arrest delay, prosecutorial misconduct, admission of other acts evidence, Fourth Amendment violation, confrontation clause, denial of a directed verdict, and denial of right to oral argument on appeal.  The Court considered all of Petitioner's claims on the merits and explained why he failed to show any of his claims

entitled him to habeas relief. Petitioner's request for a COA fails to contain any discussion of why a COA should issue or on what issues. Under these circumstances, the Court relies on the reasons stated in the August 27, 2007 decision and finds reasonable jurists would not debate these conclusions. Accordingly, Petitioner's request for a COA is DENIED.

SO ORDERED.

           s/Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

Dated: September 5, 2007

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Michael Harris, 172430, Carson City Correctional Facility, P.O. Box 5000 Carson City, MI 48811-3000 on this date, September 5, 2007, by electronic and/or ordinary mail.

           s/Julie Owens
           Case Manager, (313) 234-5160